

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

MARIO PEREZ, §
 §
    Movant, §
 §
VS. § NO. 4:18-CV-542-A
 § (NO. 4:15-CR-271-A)
UNITED STATES OF AMERICA, §
 §
    Respondent. §

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of Mario Perez ("movant") under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence.[1] After having considered such motion, its supporting memorandum, the government's response, and pertinent parts of the record in Case No. 4:15-CR-271-A, styled "United States of America v. Oscar Vasquez, et al.," the court has concluded that the motion should be denied.

I.

Background

Information contained in the record of the underlying criminal case discloses the following:

On December 9, 2015, movant was named, along with numerous others, in a one-count indictment charging him with conspiracy to

---

[1] Along with his motion and memorandum in support, movant filed a motion for leave to amend his § 2255 motion, indicating that he had earlier filed an incomplete motion based on a concern regarding timeliness. The record does not reflect that such an incomplete motion was filed. Therefore, the motion for leave is moot.

possess with intent to distribute more than 50 grams of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 846. CR Doc.[2] 60. On January 21, 2016, movant appeared before the court with the intent to enter a plea of guilty to the offense charged without benefit of a plea agreement. CR Doc. 104. Movant and his attorney signed a factual resume setting forth the elements of the offense, the maximum penalty movant faced, and the stipulated facts supporting movant's guilt. CR Doc. 105. Under oath, movant stated that no one had made any promise or assurance of any kind to induce him to plead guilty. Further, movant stated his understanding that the guideline range was advisory and was one of many sentencing factors the court could consider; that the guideline range could not be calculated until the presentence report ("PSR") was prepared; the court could impose a sentence more severe than the sentence recommended by the advisory guidelines and movant would be bound by his guilty plea; movant was satisfied with his counsel and had no complaints regarding his representation; and, movant and counsel had reviewed the factual resume and movant understood the meaning of everything in it and the stipulated facts were true. CR Doc. 324.

---

[2]The "CR Doc. ___" reference is to the number of the item on the docket in the underlying criminal case, No. 4:15-CR-271-A.

The pretrial officer prepared a presentence report that indicated that movant's base offense level was 38 and that three 2-level enhancements should be applied for possession of a dangerous weapon, importation of drugs from Mexico, and maintaining a drug premises. CR Doc. 131 ¶¶ 31-34. Applying a reduction for acceptance of responsibility left movant with a total offense level of 41. Id. ¶ 42. Based on his criminal history category of VI, movant's guideline imprisonment range was 360 months to life; however, the statutorily authorized maximum sentence was 40 years, so the guideline imprisonment range became 360-480 months. Id. ¶ 94. Movant objected to the drug quantity attributed to him. CR Doc. 256. The probation officer rejected movant's argument, CR Doc. 166, and the court issued an order tentatively concluding that the objection was without merit. CR Doc. 223. At sentencing, movant persisted in his objection and the court overruled it. CR Doc. 325 at 5-7.

The court heard testimony in support of the government's motion for a downward departure. CR Doc. 325 at 9-33. Movant's attorney argued that movant should receive a significant reduction of his sentence below the recommended guideline range. Id. at 34-36. And, movant expressed his deep sorrow and regret, acknowledging that he had to be held accountable for his actions. Id. at 36. The court sentenced movant to a term of imprisonment

3

of 340 months, noting that movant would have been sentenced to at least 400 months but for his cooperation. Id. at 37-38.

Movant appealed. CR Doc. 268. His attorney filed a motion to withdraw along with an Anders[3] brief. The Fifth Circuit allowed counsel to withdraw and dismissed the appeal as presenting no nonfrivolous issue. United States v. Perez, 685 F. App'x 320 (5th Cir. 2017).

II.

Grounds of the Motion

Movant urges three grounds in support of his motion, all based on ineffective assistance of counsel. As factual support, movant alleges:

> [Ground one:] Counsel failed to challenge the factual basis of Petitioner's plea.
>
> [Ground two:] Counsel failed to adequately investigate and review discovery and challenge drug quantity. Failed to properly advise Petitioner of his rights and what exactly would happen during debriefing.
>
> [Ground three:] Counsel failed to actively negotiate with the government an agreement that would properly compensate the Petitioner for his substantial assistance provided to law enforcement.

Doc.[4] 1 at PageID[5] 4.

---

[3] Anders v. California, 386 U.S. 738 (1967).

[4] The "Doc. __" reference is to the number of the item on the docket in this civil action.

[5] The "PageID __" reference is to the page number assigned by the court's electronic filing
(continued...)

III.

Standards of Review

A.  28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164-165 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal.

---

[5](...continued)
system. The court uses this reference where the printed or typewritten page numbers do not match the actual page of the document.

Davis v. United States, 417 U.S. 333, 345 (1974); United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979) (citing Buckelew v. United States, 575 F.2d 515, 517-18 (5th Cir. 1978)).

B. Ineffective Assistance of Counsel Claims

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984); see also Missouri v. Frye, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Strickland, 466 U.S. at 697; see also United States v. Stewart, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," Harrington v. Richter, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that

6

the trial cannot be relied on as having produced a just result." Cullen v. Pinholster, 563 U.S. 170, 189 (2011) (quoting Strickland, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the Strickland test. Miller v. Johnson, 200 F.3d 274, 282 (5th Cir. 2000).

IV.

Analysis

In his first ground, movant argues that he was not guilty of conspiracy, which flies in the face of everything movant admitted in open court. "Solemn declarations in open court carry a strong presumption of verity." Blackledge v. Allison, 431 U.S. 63, 74 (1977). To be entitled to an evidentiary hearing, the defendant must produce "independent indicia of the likely merit of [his] allegations, typically in the form of one or more affidavits from reliable third parties." Id.. "If, however, the defendant's showing is inconsistent with the bulk of [his] conduct or otherwise fails to meet [his] burden of proof in the light of other evidence in the record, an evidentiary hearing is

7

unnecessary." Id. See also United States v. Fuller, 769 F.2d 1095, 1099 (5th Cir. 1985). Movant's guilty plea was knowing and voluntary and made with sufficient awareness of the relevant circumstances and likely consequences. Bradshaw v. Stumpf, 545 U.S. 175, 183 (2005). Movant has failed to provide any independent evidence in support of any of his contentions that are at variance with the statements he made, or the answers he gave, while under oath at the rearraignment hearing. The conclusory declarations attached to his memorandum are not entitled to any evidentiary weight.

In his second ground, movant alleges that his counsel was ineffective for failing to investigate and review discovery and challenge the drug quantity attributed to him. These allegations are conclusory and insufficient to raise a constitutional claim. Green v. Johnson, 160 F.3d 1029, 1042 (5th Cir. 1998). They are also belied by the record, including the objection lodged to the PSR and argued at sentencing. And, the PSR itself explains the evidence and shows why a suppression motion would not have been viable. In his memorandum, movant urges that his counsel was ineffective for advising movant to plead guilty "although he was actually innocent of conspiracy." Doc. 3 at 8. The allegation is ludicrous and unsupported. The court observed movant and heard his sworn testimony, concluding that his plea was knowing and

voluntary. Movant waived all nonjurisdictional defects, including claims of illegal search and seizure, by his guilty plea. United States v. Cothran, 302 F.3d 279, 285-86 (5th Cir. 2002); Franklin v. United States, 589 F.2d 192, 194-95 (5th Cir. 1979).

In his third ground, movant argues that his counsel failed to negotiate a better deal for him, insinuating that he could have received "a 50% downward departure from the 360 month sentence he faced." Doc. 3 at 17. There is simply no evidence to support such contention. A defendant does not have any right to be offered a plea; nor does a judge have to accept a plea. Missouri v. Frye, 566 U.S. at 148. And, whether to grant a departure and the extent of the departure lie within the discretion of the trial court. United States v. Hashimoto, 193 F.3d 840, 843 (5th Cir. 1999). Here, movant received a very favorable sentence, one that would not have been imposed had the court known that movant was not sincere in his remorse (as is apparently the case). Nor would movant have received such a favorable sentence had he not followed his counsel's advice.

V.

Order

The court ORDERS that all relief sought by movant in his motion under 28 U.S.C. § 2255 be, and is hereby, denied.

The court further ORDERS that movant's motion for leave to amend be, and is hereby, denied as moot.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED August 24, 2018.

_____
JOHN McBRYDE
United States District Judge